UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case No.

WILSHIRE INSURANCE COMPANY,

    Plaintiff,

v.

CASABLANCA ON THE BAY, INC.
and JULIA PADRON,

    Defendants.

_____/

## COMPLAINT FOR DECLARATORY JUDGMENT

COMES NOW, WILSHIRE INSURANCE COMPANY, by and through undersigned counsel, and files this Complaint for Declaratory Judgment pursuant to 28 U.S.C. § 2201 against Defendants, CASABLANCA ON THE BAY, INC. and JULIA PADRON, and states as follows:

### REQUEST FOR DECLARATORY RELIEF

1. This is an insurance coverage action, wherein Plaintiff, WILSHIRE INSURANCE COMPANY (hereinafter "WILSHIRE"), seeks declaratory relief with respect to its contractual obligations under a Commercial General Liability insurance policy (hereinafter "CGL policy") issued to the named insured, CASABLANCA ON THE BAY, INC. (hereinafter "CASABLANCA").

2. Subject to its terms, conditions, exclusions, limitations, and endorsements, the CGL policy provides CASABLANCA with a $1,000,000 each occurrence liability coverage limit for "bodily injury" or "property damage" arising out of the use of a "non-owned auto" during the policy period from November 21, 2013 to November 21, 2014. A true and correct copy of the CGL policy, including the at issue "Non-Owned Auto" endorsement, is attached hereto as *Exhibit A*.

3. On or about April 10, 2015, JULIA PADRON (hereinafter "PADRON") filed a lawsuit against CASABLANCA in the Eleventh Judicial Circuit Court in Miami-Dade County Florida (hereinafter "the underlying lawsuit"). A true and correct copy of the complaint in the underlying lawsuit is attached hereto as *Exhibit B*.

4. In the underlying lawsuit, PADRON alleges that on December 23, 2013, Lazaro E. Sanchez was operating a privately-owned personal vehicle when he collided with a vehicle operated by PADRON near the intersection of S.W. 67th Avenue and S. Waterway Drive in Miami, Florida. *Exhibit B, ¶¶ 5 & 6*.

5. According to PADRON, CASABLANCA is vicariously liable for her injuries under the theory of *respondeat superior* because Sanchez's alleged negligence was committed in the course and scope of his employment with CASABLANCA. *Exhibit B, ¶ 7*.

6. WILSHIRE seeks a declaration from this court that there is no coverage under the CGL policy for the relief sought by PADRON, and thus no duty to indemnify or defend CASABLANCA in the underlying lawsuit, because Sanchez was not in fact

operating the privately-owned personal vehicle in the course of CASANBLANCA's business but, rather, was engaged in a personal errand unrelated to CASABLANCA's business when he collided with PADRON's vehicle and allegedly caused her injuries.

## JURISDICTION AND VENUE

7.    This Court has diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332, because there is complete diversity of citizenship between the parties, and because the amount in controversy, exclusive of interest and costs, exceeds the sum of $75,000.*

8.    At the time of the commencement of this action, WILSHIRE was and is an insurance company organized and existing under the laws of the State of North Carolina with its principal place of business in the State of North Carolina.

9.    At the time of the commencement of this action, CASABLANCA was and is a for-profit corporation organized and existing under the laws of the State of Florida with its principal place of business within the State of Florida.

10.   At the time of the commencement of this action, PADRON was and is a resident of, citizen of, and/or domiciled in the State of Florida.

---

\*    Attached as Exhibit C is the January 22, 2015, demand letter from Plaintiff's counsel to Wilshire establishing the amount in controversy exceeds this Honorable Court's jurisdictional limits. *See also, Gillinov v. Hillstone Restaurant Group, Inc.*, 2015 WL 1285361 (S.D., Fla. 3/19/15) (in considering whether amount in controversy requirement had been satisfied, court properly considered pre-suit demand letter to determine propriety of removal to federal court).

11. Venue is proper pursuant to 28 U.S.C. § 1391(a) and (c) because all Defendants reside in the State of Florida and the cause of action arose in Miami-Dade County, Florida.

## FACTUAL ALLEGATIONS

### I. THE SUBJECT ACCIDENT OCCURRED WHILE SANCHEZ WAS RUNNING A PERSONAL ERRAND

12. On December 23, 2013, Sanchez used a privately-owned personal vehicle to drive to the restaurant owned by CASABLANCA, where he was employed. A true and correct copy of Sanchez' examination under oath is attached as *Exhibit D*.

13. Sanchez worked at CASABLANCA that morning. *Exhibit D, p. 12, ll. 3-5.*

14. At approximately 1:00 p.m., Sanchez left CASABLANCA in the privately-owned personal vehicle and went to the bank to make a deposit. *Exhibit D, p. 12, ll. 6-15.*

15. After making the deposit, Sanchez drove in the privately-owned personal vehicle to a Best Buy electronics store located in the southern Miami area in order to purchase a television for the restaurant. This particular Best Buy store did not have the television that Sanchez wanted. However, Sanchez learned that the Best Buy store in Miami Beach stocked the television that Sanchez wanted. *Exhibit D, pp. 12-13, ll. 16-25, ll. 1-14.*

16. After leaving the Best Buy in the southern Miami area, Sanchez received a call from his mother, who instructed Sanchez to pick up his cousins at the St. Theresa school and take them to therapy. *Exhibit D, p. 13, ll. 15-22.*

17. Sanchez was on his way to pick up his cousins at the St. Theresa school and then drop them off at therapy before heading to the Best Buy in Miami Beach when the subject accident with PADRON occurred. *Exhibit D, p. 14, ll. 1 – 23*.

## II. THE CGL POLICY

18. The CGL policy provides CASABLANCA with restricted coverage for "bodily injury" or "property damage" arising out of the use of a "non-owned auto" as follows:

**NON-OWNED AUTO AND HIRED AUTO LIABILITY COVERAGE**

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

\* \* \*

**A. COVERAGE**

**1. NON-OWNED AUTO LIABILITY**

The insurance provided under **SECTION I - COVERAGES, COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY** applies to "bodily injury" or "property damage" arising out of the use of any "non-owned auto" in the course of your business by any person other than you.

\* \* \*

**F. DEFINITIONS**

**1.** For the purpose of this endorsement only, following definitions are added to the **DEFINITIONS** section:

**c.** "Non-owned auto" means any "auto" you do not own, lease, hire, rent or borrow which is used in connection with your business. …

\* \* \*

19. There is no coverage for CASABLANCA for "bodily injury" or "property damage" under terms of the non-owned auto liability endorsement unless the "bodily

5

injury" or "property damage" arises out of the use of a "non-owned auto," as that term is expressly defined in the policy.

20. There is no coverage for CASABLANCA for "bodily injury" or "property damage" under terms of the non-owned auto liability endorsement unless the "bodily injury" or "property damage" arises out of the use of a "'non-owned auto' in the course of [CASABLANCA's] business."

21. WILSHIRE has agreed to provide a defense to CASABLANCA in the underlying lawsuit pursuant to a reservation of rights with respect to its coverage obligations based on the allegations of the underlying tort claim and the restrictions on coverage under the non-owned auto liability endorsement.

## COUNT I
## DECLARATORY JUDGMENT

WILSHIRE incorporates the allegations set forth within ¶¶ 1 – 21 as if fully set forth herein.

22. There is clearly an actual, present, and bona fide controversy between the Plaintiff and Defendants as to WILSHIRE's obligation to provide coverage in connection with the underlying lawsuit.

23. WILSHIRE's rights and duties are dependent upon this court's interpretation of the terms, conditions, exclusions, limitations, and endorsements contained in the CGL policy.

24. The adverse, necessary, and required parties to this declaratory judgment action are all before the Court by proper process.

25. The actual facts giving rise to PADRON's claim against CASABLANCA demonstrate that Sanchez was not using the "non-owned auto" in the course and scope of his employment with CASABLANCA at the time of the accident that injured PADRON.

26. Coverage under the non-owned auto liability endorsement to the CGL policy only applies to liability "arising out of the use of [a] 'non-owned auto' in the course of [CASABLANCA's] business."

27. There is no coverage for the relief sought by PADRON in the underlying lawsuit because Sanchez was running a personal errand at the time of the accident; in fact, at the time of the accident, he was not using the vehicle in the course of CASABLANCA's business nor was he using it in connection with CASABLANCA's business, and thus the vehicle does not fall within the policy's definition of "non-owned auto" or otherwise trigger coverage under the endorsement.

28. According to the plain and unambiguous language of the non-owned auto liability endorsement, there is no coverage under the CGL policy, and therefore WILSHIRE has no duty to indemnify or defend CASABLANCA in the underlying lawsuit.

WHEREFORE, Plaintiff, WILSHIRE INSURANCE COMPANY, respectfully requests entry of declaratory judgment in its favor against the Defendants, declaring that WILSHIRE INSURANCE COMPANY owes no duty to indemnify or defend

CASABLANCA in the underlying lawsuit, together with any further relief this Court deems just and proper.

DATED: April 30, 2015

                Respectfully submitted,

By: _____
Robert Scott Newman (FBN 466670)
Email: snewman@marlowadler.com
MARLOW, ADLER, ABRAMS,
 NEWMAN & LEWIS
4000 Ponce de Leon Boulevard, Suite 570
Coral Gables, FL 33146
Telephone:  (305) 446-0500
Facsimile:  (305) 446-3667
*Attorneys for Plaintiff, Wilshire Insurance Company*

8