IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTHERN FLORIDA
MIAMI DIVISION

CASE NO.: 15-CV-21644 (Scola/Otazo-Reyes)

WILSHIRE INSURANCE COMPANY
    Plaintiff,
vs.

CASABLANCA ON THE BAY, INC., &
JULIA PADRON,
    Defendants,

and

JULIA PADRON, Defendant/Counter-Claimant/
    Cross Claimant/Third-Party Plaintiff,
vs.

WILSHIRE INSURANCE COMPANY,
    Plaintiff/Counter-Defendant,

CASABLANCA ON THE BAY, INC.,
    Defendant/Cross-Claim Defendant,

CASABLANCA FISH MARKET, INC.,
    Third-Party Defendant, and

CASABLANCA SEAFOOD BAR & GRILL, INC.,
    Third-Party Defendant,

_____/

## DEFENDANT, JULIA PADRON'S ANSWER & AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT FOR DECLARATORY JUDGMENT & PADRON'S COUNTERCLAIM FOR DECLARATORY RELIEF, CROSS-CLAIM, & THIRD-PARTY COMPLAINT

Defendant/Counter-Claimant/Cross-Claimant/Third-Party Plaintiff, JULIA PADRON ("PADRON"), by and through her undersigned counsel, hereby answers Plaintiff's Complaint for Declaratory Relief in the captioned matter as follows:

1

## ANSWER

1. PADRON admits the allegation in paragraph 1, only to the extent that it is plead as such, and otherwise denies that it is a proper action on its merits.

2. PADRON admits the allegations in paragraphs 2, 3, 4, 5, 7, 8, 9, 10, 12, 13, 14 15, 18, 21, and 26.

3. PADRON admits the allegations in paragraph 11, subject to objection to venue for other reasons.

4. PADRON denies the allegations in paragraphs 6, 16, 17, 19, 20, 22 - 25, 27, and 28 and demands strict proof thereof.

## AFFIRMATIVE DEFENSES

5. PADRON asserts that Lazaro E. Sanchez, the employee/driver for Plaintiff, CASABLANCA ON THE BAY, INC., did not deviate from the business purpose of his trip on the date and time of the subject automobile accident.

6. PADRON asserts that, even if the alleged deviation described in the complaint had occurred, Lazaro E. Sanchez was still within the course of the business of CASABLANCA ON THE BAY, INC., as a result of one or more of the following:

   (a) the alleged deviation had been completed prior to the subject accident and thus, he was in the course of employment at the time; and/or

   (b) at the date and time of the accident, he was being paid by his employer to run errands for it; and/or

   (c) part of his primary duties for CASABLANCA ON THE BAY, INC. was to run errands for his employer and its management; and/or

(d) the alleged deviation was a regular part of the employee's duties for CASABLANCA ON THE BAY, INC.; and/or

(e) the alleged deviation was not a true or pure "personal errand" aimed to serve his personal interests, but one for the direct or indirect benefit of his employer and its management; and/or

(f) the alleged deviation was performed with the acquiescence, encouragement, knowledge and/or at the direction of his employer; and/or

(g) the alleged deviation served a dual purpose which directly or indirectly benefited CASABLANCA ON THE BAY, INC.; and/or

(h) the alleged deviation was done at the direction of his employer and occurred during the course of the employee's employment for CASABLANCA ON THE BAY, INC.

7. Plaintiff's claim for relief is barred, in part or in whole, by the doctrine of "uncleans hands." Plaintiff, WILSHIRE INSURANCE COMPANY, willfully accepted, encouraged, facilitated, and/or conspired to hide what it knew to be an erroneous recollection of a purported deviation on the part of Lazaro E. Sanchez. It intentionally failed to properly investigate the accident in order to try to avoid its responsibility to indemnify CASABLANCA ON THE BAY, INC. and avoid compensating Julia Padron for her catastrophic and life-altering injuries. For example: Plaintiff knew, should have known, or could have known, by making a simple telephone call, that on the date and time of the subject accident, Lazaro E. Sanchez could **not** have possibly deviated to pick up his cousins early from St. Theresa's **Catholic** School (on Monday, **December 23**, 2013) on account of the school having closed late the week before for the Christmas holiday break.

3

8. The terms of the insurance policy fails to adequately explain and/or define the parameters of what is considered to be "in the course of your business," and under Florida law any ambiguity is to be strictly interpreted against the insurer.

9. PADRON reserves the right to amend and/or add affirmatives defenses.

**WHEREFORE**, PADRON prays for a declaratory judgment that Plaintiff, WILSHIRE INSURANCE COMPANY, has an obligation to indemnify CASABLANCA ON THE BAY, INC. and pay PADRON for the damages she suffered, costs herein expended, and for such other and further relief as this Court deems just and proper.

## COUNTERCLAIM, CROSS-CLAIM & THIRD-PARTY CLAIMS BY PADRON

PADRON as Defendant/Cross-Claimant/Third-Party Plaintiff, by and through the undersigned counsel hereby sues Plaintiff/Counter-Defendant, WILSHIRE INSURANCE COMPANY, Defendant/Cross-Claim Defendant, CASABLANCA ON THE BAY, INC. (hereinafter "CASABLANCA - BAY"), and Third-Party Defendants, CASABLANCA FISH MARKET INC. (hereinafter "CASABLANCA - MARKET") and CASABLANCA SEAFOOD BAR & GRILL, INC. (hereinafter "CASABLANCA - GRILL"), and alleges as follows:

## GENERAL ALLEGATIONS

10. PADRON, incorporates by reference all of the averments and affirmations contained in Plaintiff WILSHIRE INSURANCE COMPANY's Complaint for Declaratory Judgment Paragraphs 2, 3, 4, 5, 7, 8, 9, 10, 12, 13, 14 15, 18, 21, and 26 as though fully set forth herein.

11. This Court has jurisdiction over the following Cross-Claim, and Third-Party Claims, pursuant to 28 U.S.C. § 1367.

12. Venue is proper pursuant to 28 U.S.C. §1391(b)(1).

4

13. CROSS-DEFENDANT, CASABLANCA – BAY, is currently also the party of an action filed by PADRON in state court, Miami-Dade County, Case No.2015-008092.

14. Because the primary liability issue against CASABLANCA - BAY in the state court action is the same as that the issue in this case (whether employee-driver was in the course of his employment at the time of the accident) is seems appropriate the matter be resolved in one case to avoid duplication of discovery efforts, save judicial resources, and avoid potentially inconsistent adjudications by two separate court.

15. Concurrent with the filing of this pleading, PADRON is seeking to stay the state court action until the resolution of the matter by this Honorable Court.

16. Third-Party Defendant, CASABLANCA - MARKET, at all material times hereto, was and is a Florida corporation authorized to and conducting business in Miami-Dade County, Florida.

17. Third-Party Defendant, CASABLANCA - GRILL, at all material times hereto, was and is a Florida corporation authorized to and conducting business in Miami-Dade County, Florida.

18. Lazaro E. Sanchez executed and provided a sworn affidavit, on February 18, 2014, and attested that on the day of the accident he was concurrently employed by Defendant/Cross-Defendant, CASALANCA – BAY, and Third-Party Defendants, CASABLANCA – GRILL, and CASABLANCA – MARKET.

19. CASABLANCA – BAY, CASABLANCA – MARKET, and CASABLANCA – GRILL are restaurants and seafood markets owned, operated, and managed together by members of the Sanchez family as a closely held "family business."

20. Lazaro E. Sanchez is paid by one or more of the Cross-Defendant/Third-Party Defendants, CASABLANCA – BAY, CASABLANCA – MARKET, and/or CASABLANCA – GRILL.

21. Lazaro E. Sanchez provided testimony in his February 18, 2014 affidavit that was not consistent with an examination under oath taken by WILSHIRE more than 15 months after the accident had occurred when his recollection may not have been as fresh.

22. Given his concurrent employment, it is possible that he might have been legally providing services for one, another, or a combination of the CASABLANCA entities (CASABLANCA – BAY, CASABLANCA – MARKET, and/or CASABLANCA – GRILL) at the time of the subject accident, where one or more entities may be liable to PADRON.

23. Upon knowledge and belief, all three (3) CASABLANCA entities were insured with WILSHIRE at the time of the accident.

## COUNT I
## COUNTER-CLAIM, CROSS-CLAIM & THIRD-PARTY CLAIMS BY PADRON FOR DECLARATORY RELIEF AGAINST WILSHIRE INSURANCE COMPANY, CASABLANCA ON THE BAY, INC., CASABLANCA FISH MARKET, INC. & CASABLANCA SEAFOOD BAR & GRILL, INC.

Defendant/Cross-Claimant/Third-Party Plaintiff, JULIA PADRON, by and through the undersigned attorney, sues Plaintiff/Counter-Defendant WILSHIRE INSURANCE COMPANY, Defendant/Cross-Claim Defendant CASABLANCA ON THE BAY, INC., and Third-Party Defendants, CASABLANCA FISH MARKET, INC. and CASABLANCA SEAFOOD BAR & GRILL, INC., and alleges:

24. JULIA PADRON incorporates the allegations set forth within paragraphs 10-23 of the General Allegations as if fully set forth herein.

25. There is clearly an actual, present, and bona-fide controversy between PADRON, WILSHIRE, CASABLANCA – BAY, CASABLANCA – FISH and CASABLANCA – GRILL to determine whether Lazaro E. Sanchez was in the course of employment with one or more of the above entities at the time of the accident, as a result of concurrent employment.

26. JULIA PADRON's rights and duties are dependent upon this court's interpretation of Lazaro E. Sanchez's concurrent employment obligations at the time of the subject accident.

27. The adverse, necessary, and required parties to this declaratory judgment action are all before the Court by proper process.

28. The actual facts giving rise to JULIA PADRON'S claim against WILSHIRE, CASABLANCA – BAY, CASABLANCA - FISH and CASABLANCA – GRILL demonstrate that Lazaro Enrique Sanchez was using the "non-owned auto" in the course and scope of his employment with one or more of CASABLANCA's entities (CASABLANCA – BAY, CASABLANCA – FISH, and CASABLANCA – GRILL) at the time of the accident that severely injured PADRON.

29. Coverage under the non-owned auto liability endorsement to the CGL policy applies to liability "arising out of the use of a non-owned auto" in the course of CASABLANCA's business.

30. There is coverage for the relief sought by JULIA PADRON in the underlying lawsuit because Lazaro Enrique Sanchez was in the course of employment with concurrent employers, CASABLANCA – BAY, CASABLANCA – FISH, and/or CASABLANCA – GRILL, at the time of the accident.

31. According to the plain and unambiguous language of the non-owned auto liability endorsement, there is coverage under the CGL policy, and therefore WILSHIRE has a duty to indemnify CASABLANCA – BAY, CASABLANCA – FISH, and/or CASABLANCA – GRILL, in the underlying lawsuit.

WHEREFORE, Defendant/Cross-Claimant/Third-Party Plaintiff JULIA PADRON, respectfully requests entry of declaratory judgment in her favor against Plaintiff, WILSHIRE INSURANCE COMPANY, Defendant/Cross-Claim Defendant, CASABLANCA – BAY, and Third-Party Defendants CASABLANCA – FISH and CASABLANCA – GRILL, declaring that (1) at the time of the subject accident, Lazaro E. Sanchez was in the course of concurrent employment with one or more of CASABLANCA entities (CASABLANCA – BAY, CASABLANCA – FISH, and CASABLANCA – GRILL); and (2) that WILSHIRE owes a duty to indemnify one or more of the CASABLANCA entities for the damages suffered by PADRON in the subject accident

.

## COUNT II
## CROSS-CLAIM BY PADRON AGAINST CASABLANCA ON THE BAY, INC.

Defendant/Cross-Claimant/Third-Party Plaintiff, JULIA PADRON, by and through the undersigned attorney, sues Defendant/Cross-Claim Defendant, CASABLANCA ON THE BAY, INC., and alleges:

32. JULIA PADRON incorporates the allegations set forth within paragraphs 10-23 of the General Allegations as if fully set forth herein.

33. On or about December 23, 2013, Lazaro E. Sanchez, operated a motor vehicle, a dangerous instrumentality, on SW 67th Ave. near its intersection with S. Waterway Dr. in Miami-Dade County, Florida.

34. At that time and place, Lazaro E. Sanchez, was an agent or employed by Defendant/Cross-Claim Defendant, CASABLANCA – BAY and/or with Third-Party Defendants CASABLANCA - MARKET and CASABLANCA - GRILL, <u>simultaneously</u>, and was acting in the course and scope of such agency or employment relationship when he negligently maintained and/or operated his privately-owned motor vehicle causing a collision with the motor vehicle owned and operated by Defendant/Cross-Claimant/Third-Party Plaintiff, JULIA PADRON.

35. Defendant/Cross-Claim Defendant, CASABLANCA - BAY, is liable for Lazaro E. Sanchez's negligence committed in the course and scope of his agency and/or employment under the principle of *respondeat superior*.

36. As a result, Defendant/Cross-Claimant/Third-Party Plaintiff, JULIA PADRON, suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, and medical and nursing care and treatment. The losses are either permanent or continuing and Defendant/Cross-Claimant/Third-Party Plaintiff will suffer the losses in the future.

**WHEREFORE** Defendant/Cross-Claimant/Third-Party Plaintiff, JULIA PADRON, demands judgment for damages and taxable costs against Defendant/Cross-Claim Defendant, CASABLANCA ON THE BAY, INC., and for such other and further relief as the Court deems just and equitable.

## <u>COUNT III</u>
## <u>THIRD-PARTY CLAIMS BY PADRON AGAINST CASABLANCA FISH MARKET INC. & CASABLANCA SEAFOOD BAR & GRILL, INC.</u>

Defendant/Cross-Claimant/Third-Party Plaintiff, JULIA PADRON, by and through her undersigned attorney, and for her Third-Party Complaint against Third-Party Defendants CASABLANCA FISH MARKET, INC. and CASABLANCA SEAFOOD BAR & GRILL, INC., states as follows:

37. JULIA PADRON incorporates the allegations set forth within paragraphs 10-23 of the General Allegations as if fully set forth herein.

38. On or about December 23, 2013, Lazaro E. Sanchez, operated a motor vehicle, a dangerous instrumentality, on SW 67th Ave. near its intersection with S. Waterway Dr. in Miami-Dade County, Florida.

39. At that time and place, Lazaro E. Sanchez was an agent or employed by Defendant/Cross-Claim Defendant CASABLANCA - BAY, and/or Third-Party Defendants CASABLANCA - MARKET and CASABLANCA - GRILL, <u>simultaneously</u>, and was acting in the course and scope of such agency or employment relationship when he negligently maintained and/or operated his privately-owned motor vehicle causing a collision with the motor vehicle owned and operated by Defendant/Cross-Claimant/Third-Party Plaintiff, JULIA PADRON.

40. Third-Party Defendants, CASABLANCA - MARKET and CASABLANCA - GRILL, are liable for Lazaro E. Sanchez's negligence committed in the course and scope of his agency and/or employment under the principle of *respondeat superior*.

41. As a result, Defendant/Cross-Claimant/Third-Party Plaintiff, JULIA PADRON, suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, and medical and nursing care and treatment. The

losses are either permanent or continuing and Defendant/Cross-Claimant/Third-Party Plaintiff will suffer the losses in the future.

**WHEREFORE** Defendant/Cross-Claimant/Third-Party Plaintiff, JULIA PADRON, demands judgment for damages taxable costs against Third-Party Defendants, CASABLANCA - MARKET and CASABLANCA – GRILL, and for such other and further relief as the Court deems just and equitable.

## DEMAND FOR JURY TRIAL

PADRON demands trial by jury on all issues so triable on her defense or prosecution of any counts in this action.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 10th day of July 2015, I electronically filed the foregoing document with the Clerk of Court using the Court's CM/ECF system, which will send notification of such filing to Robert Scott Newman, Esq., Marlow, Adler, Abrams, Newman & Lewis, 4000 Ponce de Leon Boulevard, Suite 570, Coral Gables, FL 33146 and Raquel Y. Reyes, Esq. an/or Ronald D. Rodman, Esq, Friedman, Rodman & Frank, P.A., 3636 West Flagler Street, Miami, FL 33135.

                MONTES & ASSOCIATES LAW FIRM, P.L
                Attorney for Defendant Julia Padron
                16351 S. Miramar Parkway
                Miramar, Fl 33027
                Tel: 954-417-6100
                service@monteslawfirm-florida.com


                By: _____/s/_____
                   JUAN C. MONTES, ESQ.
                   Florida Bar No.:  031313