United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Julia Padron, Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Civil Action No. 15-21644-Civ-Scola |
| Casablanca Fish Market, Inc. and | ) |
| Casablanca Seafood Bar & Grill, | ) |
| Defendants. | ) |

### **Omnibus Order**

The Court originally scheduled argument on all pending motions on January 30, 2018. While the Court was preparing for the arguments, counsel for Plaintiff Julia Padron notified the Court that he would be out of the country and was unavailable for the hearing. The Court canceled the hearing with the intent to reschedule the arguments in mid-February. However, having reviewed the motions, responses and replies in preparation for the hearing, the Court has determined that it is sufficiently apprised of the parties' positions and that oral argument will not assist the Court. After considering the written submissions and the relevant legal authorities, the Court makes the following rulings on the below-listed motions:

1. **Defendants Casablanca Seafood Bar & Grill, Inc. and Casablanca Fish Market, Inc.'s Renewed Rule 50 Motion for Judgment as a Matter of Law and Alternative Rule 59 Motion for New Trial Regarding Phase I Trial (ECF No. 219)**

On October 14, 2016, the Court entered an order (ECF No. 119) bifurcating the trial in this matter. A Phase I jury trial was held solely on the issue of whether Lazaro Sanchez was acting within the scope of his employment or agency with the two Casablanca entities at the time of an automobile accident in which Julia Padron was injured. On December 14, 2016, the Phase I jury returned a verdict finding that Sanchez was acting within the scope of his employment or agency at the time of the accident. The Defendants then filed a post-trial motion for judgment as a matter of law and a motion for a new trial. On August 14, 2017, the Court entered an order (ECF No. 183) denying the motions.

The Court then conducted the Phase II jury trial before a different jury and, on October 6, 2017, the Phase II jury returned a verdict finding the two Casablanca entities liable for Padron's injuries.

After judgment was entered following the Phase II trial, the Defendants filed this motion "in an abundance of caution" to preserve the issues raised in its original post-trial motions.

The Defendants have presented no arguments or authority to the Court which persuades it to change its earlier ruling. The Court therefore **denies** the motion (**ECF No. 219**).

## 2. The Defendants' Renewed Rule 50 Motion for Judgment as a Matter of Law and Alternative Rule 59 Motion for a New Trial Regarding the Phase II Trial (ECF No. 220)

The Defendants' motion renews their motion for judgment as a matter of law under Federal Rule of Civil Procedure 50(b). "A district court should grant judgment as a matter of law when the plaintiff presents no legally sufficient evidentiary basis for a reasonable jury to find for him on a material element of his cause of action." *Pickett v. Tyson Fresh Meats, Inc.*, 420 F.3d 1272, 1278 (11th Cir. 2005). The Defendants contend that the jury's verdict awarding Padron $541,102.81 for past medical expenses and $40,000 for loss of future earning capacity is contrary to law and evidence. Alternatively, the Defendants move for a new trial under Rule 59(a).

The Defendants claim that Padron failed to prove the reasonableness and necessity of the medical bills. However, Padron presented the testimony of several medical experts who treated her and introduced numerous medical records and medical bills to substantiate that her past medical expenses were reasonable and necessary. The Defendants stipulated to the introduction of Padron's medical record summaries. This testimony and evidence clearly supports the jury's verdict on past medical expenses.

The Defendants also allege that Padron failed to meet her burden as to her claim for loss of future earning capacity. Padron's W-2 income from 2010 through 2013 showed that her income was as high as $17,484 in 2012 and that her average income during the four years prior to the accident was $16,476. There was testimony from which the jury could have found that Padron would work another three to seven years in the future. Thus, an award of $40,000 for loss of future earning capacity is well-supported by the testimony presented during the trial.

The Court thus **denies** the Defendants' motion for judgment as a matter of law and alternative motion for new trial (**ECF No. 220**).

### 3. The Defendants' Motion to Alter Final Judgment and Motion for New Trial (ECF No. 222) and Padron's Motion to Amend the Final Judgment Pursuant to Federal Rule of Civil Procedure 59(e) (ECF No. 228)

Both parties have filed motions to amend or alter the final judgment. The jury returned a verdict awarding Padron a total of $2,000,000.81 and the Court entered a final judgment in that amount (ECF No. 217) on October 13, 2017. The parties agree that pursuant to Florida Statute section 768.041, the Defendants are entitled to a set-off of $1,100,000 to account for settlements paid by other tortfeasors. Thus, the Court will reduce the jury verdict by $1,100,000.

The Defendants argue that they are entitled to an additional set-off of $147,231.50 for "future medical expenses" because Padron received that amount as a settlement of her worker's compensation claim. The worker's compensation claim was based upon damages Padron suffered as a result of this same accident.

Padron claims that although Padron did settle her worker's compensation claim for $147, 231.50, the records show that the allocation for future medical expenses was $74,165. But, more importantly, Padron points out that under the applicable Florida Statute section 768.76, relating to collateral source payments, "there shall be no reduction for collateral sources for which a subrogation or reimbursement right exists." Under Florida's Workers' Compensation Statute section 440.39(2), the insurer shall be subrogated to the rights of the employee. And, under Florida Statute section 768.76(2), benefits received under the Workers' Compensation Law shall not be considered a collateral source. The Court agrees with Padron and finds that workers' compensation is not a collateral source subject to a set-off. *See Ganley v. United States,* 878 F.2d 1351, 1353 (11th Cir. 1989) (interpreting predecessor statute to §768.76).

The Defendants also claim that they are entitled to a new trial because the verdict on past wage loss and future earning capacity is against the weight of the evidence. The Court disagrees. The jury found that Padron was entitled to $80,000 for past lost wages and $40,000 for loss of future earning capacity. Her W-2 income established an average income of approximately $16,500 for the four years prior to the accident. It is not unreasonable for the jury to have concluded that Padron could have earned a few thousand dollars more per year in the seven years following the accident. The jury was allowed to credit her testimony and the testimony of her supervisor in concluding that she would have earned a slightly higher amount than in past years.

In her motion to alter judgment, Padron also asks that the Court's form of final judgment contain Padron's address and the wording "for which let execution issue" in order to conform to Florida law. Although this language does

not need to be included in federal final judgment, the Court will add the language to alleviate Padron's concerns.

As set forth above, the Court **grants in part and denies in part** the Defendants' motion to alter the final judgment and for a new trial (**ECF No. 222**). The final judgment will be amended to include a set-off of $1,100,000. The motion for a new trial is denied. The Court also **grants** Padron's motion to amend the final judgment (**ECF No. 228**).

### 4. Padron's Motion for Bill of Costs (ECF No. 226)

As the prevailing party in the action, Padron is entitled to the entry of a judgment on her bill of costs under Federal Rule of Civil Procedure 54 and 28 U.S.C. §§ 1920 and 1928. Although the Defendants have filed a notice of appeal which, as a general rule, divests the Court of jurisdiction on any matter involved in the appeal, the Court nonetheless has discretion to entertain motions for fees and costs, defer ruling on the motions, or deny the motions without prejudice to refile after the conclusion of the appeal. The Court finds that it should exercise its discretion and rule on the bill of costs without waiting for the appeal to conclude.

The Court finds that Padron is the prevailing party and further finds that the amount of taxable costs should be determined and awarded without waiting for the termination of the appeal. The Court thus **refers** this matter (**ECF No. 226**) to the magistrate judge to prepare a report and recommendation to the Court on the amount of the taxable costs, consistent with 28 U.S.C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72, and Rule 1(d) of the Local Magistrate Judge Rules.

Because the above rulings will result in the Court's filing of an amended judgment, the Court **denies** the following motions **without prejudice** to renew once the amended judgment is entered:

- Motion to Bifurcate (**ECF No. 233**);
- Motion for Attorney Fees (**ECF No. 249**);
- Motion for Attorney Fees (**ECF No. 250**); and
- Motion to Tax Costs Pursuant to Florida Statute §768.79 (**ECF No. 251**).

**Done and ordered** at Miami, Florida on January 26, 2018.

_____
Robert N. Scola, Jr.
United States District Judge